# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51182
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2015

Lyle W. Cayce
Clerk

Debra Stephens,

Plaintiff-Appellant

v.

City of Austin; Art Acevedo, Chief of Police,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-659

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Proceeding *pro se*, Plaintiff-Appellant Debra Stephens, appeals the dismissal of her action which arose from her alleged treatment as an employee and eventually resulted in the termination of her multi-year employment at the police department of the City of Austin, Texas.[1]  In the ordinary course of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Stephens's case was originally assigned to United States District Judge Lee Yeakel, but was transferred during the course of those proceedings to Senior United States District Judge David Alan Ezra.

No. 14-51182

managing the case, it was referred to a Magistrate Judge who conducted extensive proceedings that culminated in his March 31, 2014 Report and Recommendation. It concluded with the recommendation that the district court should grant the Defendants' Motion for Summary Judgment and dismiss Ms. Stephens's action with prejudice.

Following receipt and consideration of the Magistrate Judge's 36-page Report and Recommendation, the district court issued its own 65-page Order on September 30, 2014. After verbalizing, in the first 21 pages, why only Stephens's §1983 claims against the City and against Acevedo in his individual capacity remained, the district court devoted the balance of its lengthy, patient, and detailed analysis of the case to explaining why it was adopting the Magistrate Judge's determination that Ms. Stephens had failed to make out her *prima facie* case and why the court was not reaching the questions (1) whether the Defendants would have engaged in the same employment action in the absence of the First Amendment protected conduct or (2) why Ms. Stephens had failed to make a showing that the non-First Amendment reasons for the Defendants' actions were pretext. All of that was in support of the district court's October 8, 2014 Judgment, in which it granted the Defendants' Motion for Summary Judgment to dismiss Ms. Stephens's lawsuit.

Our review of the rulings of the magistrate judge and the district judge, as well as the rest of the record on appeal, including the briefs of the parties, satisfies us beyond cavil that the district court committed no reversible error. Accordingly, that court's dismissal of Ms. Stephens's action with prejudice is, in all respects

AFFIRMED.